IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KURT FUQUA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 5376 |
| | ) | |
| v. | ) | |
| | ) | |
| SVOX AG, SVOX USA, INC., NUANCE | ) | Judge Ronald A. Guzmán |
| COMMUNICATIONS, INC., VOLKER | ) | |
| JANTZEN, EUGENE STERMETZ, | ) | |
| MARTIN REBER, ERIC LEHMANN, | ) | |
| THOMAS SOSEMAN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff has sued SVOX USA, Inc., SVOX AG, Nuance Communications, Inc., Volker Jantzen, Eugene Stermetz, Martin Reber, Eric Lehmann and Thomas Soseman for their alleged violations of § 1553 of the American Reinvestment and Recovery Act of 2009 ("ARRA") and state law. The case is before the Court on defendants' Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss. For the following reasons, the Court grants the motion as to the ARRA claim and declines to exercise supplemental jurisdiction over the state law claims.

**Facts**

Defendant SVOX USA, Inc. is a wholly owned subsidiary of SVOX AG, a Swiss company, both of which were acquired by defendant Nuance Communications, Inc. in June 2011 (collectively, "SVOX"). (Compl. ¶¶ 5-6, 8.) Plaintiff Kurt Fuqua is an Illinois resident who works in the fields of computational linguistics, computer speech synthesis and data encryption and has obtained copyrights and trademarks on various inventions in these fields. (*Id.* ¶¶ 14-15.) Plaintiff has

previously been employed in U.S. defense-related contract work and is the licensee of the trade secrets of, among others, the National Institute of Science and Technology ("NIST"). (*Id.* ¶¶ 17-18.)

On January 28, 2009, plaintiff entered into an employment contract with SVOX. (*Id.* ¶ 19; *see id.*, Ex. A, Employment Agreement.) In February 2009, SVOX sent plaintiff to Switzerland for several months on business. (*Id.* ¶ 25.) While he was there, SVOX provided plaintiff with, among other things, a monthly transit pass and received a payroll tax deduction each month it did so. (*Id.* ¶¶ 26-28.)

On June 22, 2009, defendant Stermetz, who is the President of SVOX USA and the Chief Financial Officer of SVOX AG, sent plaintiff a new employment contract that required him "to disclose and assign to SVOX, existing and future intellectual property ["IP"], which [plaintiff] had made, conceived or developed." (*Id.* ¶¶ 11, 35-36.) This provision "encompassed most of Plaintiff's inventions" including those "related to the NIST agency contracts." (*Id.* ¶ 38.)

Plaintiff repeatedly told Stermertz and others, all of whom had the authority to terminate him, that he believed the IP provision violated state and federal law. (*Id.* ¶¶ 40-49.)

On August 4, 2009, SVOX "effectively demoted" plaintiff by having him report to the Director of SVOX's German subsidiary, rather than defendant Jantzen, the President of SVOX USA, as contemplated by plaintiff's employment contract. (*Id.* ¶ 50.)

Throughout the summer and early fall of 2009, SVOX amended the new employment agreement but, because the IP provision remained, plaintiff refused to sign it. (*Id.* ¶ 52.)

On October 22, 2009, SVOX terminated plaintiff because he refused to sign the new agreement. (*Id.* ¶ 55.)

On January 29, 2011, plaintiff filed a complaint with the U.S. Department of Defense's ("DoD's") Office of Inspector General alleging that SVOX had violated § 1553 of the ARRA. (*Id.* ¶ 77.) On May 6, 2011, the DoD's Inspector General told plaintiff there was "insufficient evidence to warrant further inquiry" into his claim because "SVOX did not receive [ARRA] funds ('covered funds')" as required for § 1553 to apply. (*Id.* ¶ 78; *id.*, Ex. J, Letter from DoD to Fuqua (May 6, 2011).)

## Discussion

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

In Count I, plaintiff alleges that defendants violated § 1553 of the ARRA, which provides:

> An employee of any non-Federal employer receiving covered funds may not be discharged, demoted, or otherwise discriminated against as a reprisal for disclosing . . . [to] . . . a person with supervisory authority over the employee . . . or . . . who has the authority to investigate, discover, or terminate misconduct . . . information that the employee reasonably believes is evidence of . . . a violation of law, rule, or regulation related to an agency contract . . . or grant, awarded or issued relating to covered funds.

ARRA, Pub. L. 111-5, § 1553(a)(5), 123 Stat. 115, 297 (2009). Plaintiff argues that SVOX received "covered funds" in the form of the transit pass tax deductions and the data plaintiff received from NIST.

3

Section 1553(g) defines "covered funds" as "any contract, grant, or other payment received by any non-Federal employer" if "any portion of the money or property" comes from the federal government and "some of the funds" are "appropriated or otherwise made available by [the ARRA]." *Id.* § 1553(g)(2)(A),(B), 123 Stat. 115, 301. Given plaintiff's allegations that he, not SVOX, was the licensee of the NIST data, the data is clearly not "covered funds" within the meaning of § 1553. (*See* Compl. ¶¶ 18, 38.)

SVOX was the alleged recipient of the tax deductions, but plaintiff does not, and cannot, allege that it received them pursuant to a government contract or grant. *See* 26 U.S.C. § 162 (authorizing the deduction of business expenses). Therefore, whether the deductions are "other payment[s]" that constitute "covered funds" is an issue of statutory interpretation, which starts with "the plain language of the statute itself." *United States v. Wright*, 48 F.3d 254, 255 (7th Cir. 1995). Because the statute does not define the term "payment," the Court "start[s] with the assumption that Congress intended the word to have its ordinary meaning." *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 987 (7th Cir. 2001). The primary definition of payment is a transfer of assets, *e.g.*, giving something in return for goods or services or discharging a debt. *See* http://www.merriam-webster.com/dictionary/pay.

This definition fits comfortably with the specific examples of covered funds set forth in § 1553 and the other language used to describe "covered funds." ARRA, Pub. L. 111-5, § 1553(g)(2), 123 Stat. 115, 301 (2009) (stating that any contract or grant is "covered funds"); *id.* § 1553(g)(2)(A), (B) (stating that "covered funds" are "money or property" from the federal government if some of the "funds" are appropriated under the ARRA); *see United States v. Balint*, 201 F.3d 928, 933 (7th Cir. 2000) ("[Statutory] interpretation is guided not just by a single sentence or sentence fragment,

but the language of the whole law, and its object and policy."). It is also consistent with the statute's purpose, to provide funds "to promote economic recovery" and "assist those most impacted by the recession," and the emphasis on appropriations reflected in its structure. ARRA, Pub. L. 111-5, § 3, 123 Stat. 115, 115-16 (2009); *see id.* § 2, 123 Stat. 115, 115 (showing that the statute is comprised of two divisions, the first and largest of which contains the appropriations provisions, including § 1553, and the second and smaller of which contains the provisions for tax and fiscal relief). Thus, read in context, "payment," as it is used in § 1553(g), has its ordinary meaning, *i.e.*, a transfer of assets.

Tax deductions, though beneficial to those entitled to them, do not transfer government assets to taxpayers. Consequently, the deductions SVOX allegedly received are not "payment[s]," and therefore "covered funds," within the meaning of § 1553(g).

Moreover, even if the data or tax deductions were "covered funds," plaintiff would still have to allege that he was terminated for reporting illegal conduct with respect to the contract or grant through which SVOX received them to state a viable claim. *See id.* § 1553(a)(5), 123 Stat. 115, 297 (prohibiting non-federal employers who receive covered funds from discharging an employee "as a reprisal for disclosing, . . . information that the employee reasonably believes is evidence of . . . a violation of law . . . related to an agency contract . . . or grant, awarded or issued relating to covered funds."). Plaintiff does not allege that SVOX had any contract or grant with the federal government pursuant to which it procured NIST data or the transit pass tax deductions or that he was terminated for reporting to SVOX illegal conduct in connection with such a contract or grant. Rather, he alleges that he was terminated because he told SVOX its employment agreement

5

contained illegal provisions. (Compl. ¶¶ 1, 18, 35-55.) Accordingly, plaintiff could not state a § 1553 claim against defendants, even if the tax deductions and NIST data were "covered funds."

Finally, even if plaintiff's termination were otherwise actionable, his complaint establishes that he did not exhaust administrative remedies as required by § 1553(b). According to that provision, an aggrieved party must give the appropriate agency an opportunity to investigate and resolve the complaint of reprisal before filing suit. *See* ARRA, Pub. L. 111-5, § 1553(b)(1), 123 Stat. 115, 297 (2009) ("A person who believes that [he] has been subjected to a [prohibited] reprisal . . . maybe submit a complaint . . . to the appropriate inspector general. . . . [who] shall investigate [it] and . . . submit a report of [his] findings . . . to the person, [his] employer, the head of the appropriate agency and the [Recover Accountability and Transparency] Board."); *id.* § 1553(c)(3), 123 Stat. 115, 300 ("If the head of an agency issues an order denying relief . . . , has not issued an order within 210 days after the submission of a complaint . . . or decides . . . not to investigate or to discontinue an investigation . . . the complainant shall be deemed to have exhausted all administrative remedies with respect to the complaint, and the complainant may bring a de novo action at law or equity against the employer to seek compensatory damages and other relief available under this section . . . ."). Plaintiff alleges that he submitted a complaint to the DoD, not the Commerce or Treasury Departments, which govern NIST and the IRS, respectively. *See* http://www.nist.gov/public_affairs/nandyou.cfm (stating that NIST is "part of the U.S. Department of Commerce"); http://www.treasury.gov/about/organizational-structure/bureaus/Pages/default.aspx (stating that the IRS is a bureau of the Treasury Department). Thus, plaintiff's § 1553 claim would fail on the grounds of exhaustion, even if it were otherwise actionable.

In sum, plaintiff's allegations both fail to state a claim under § 1553 of the ARRA and establish that he cannot do so. Accordingly, the Court dismisses this claim with prejudice.

**State Law Claims**

In the remaining counts of his complaint, plaintiff asserts various state statutory and common law claims against defendants. Having dismissed the only federal claim in this suit, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3).

**Conclusion**

For the reasons set forth above, the Court grants in part and strikes as moot in part defendants' motion to dismiss [14], dismisses with prejudice the ARRA claim in Count I and declines to exercise supplemental jurisdiction over the state law claims in Counts II-IV and VI-VII (there is no Count V in the complaint), which are stricken without prejudice to refiling in state court. The Court also strikes as moot plaintiff's motion to bar arbitration of the ARRA claim [4] and defendant Soseman's motion to dismiss [30]. This case is terminated.

**SO ORDERED.**                  **ENTERED: March 12, 2012**

                                                **HON. RONALD A. GUZMAN**
                                                **United States District Judge**